IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sharon Denise Brailsford,<br><br>PLAINTIFF<br><br>v.<br><br>Andrew M. Saul, Commissioner Social Security Administration,<br><br>DEFENDANT | Civil Action No. 1:20-cv-00045-TLW<br><br>**Order** |

Plaintiff Sharon Denise Brailsford brought this action pursuant to Section 205(g), as amended 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Shiva V. Hodges. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 16. Plaintiff filed objections to the Report. ECF No. 17. The Commissioner replied to Plaintiff's objections. ECF No. 18. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The issues before the Court are whether the final decision of the Commissioner, that Plaintiff was not disabled, is supported by substantial evidence and whether the proper legal standards were applied. After reviewing the record and the decision of the Administrative Law Judge (ALJ), and in light of the objections filed, the Court concludes that the ALJ supported his decision meeting the substantial evidence standard as outlined in the Report.

Plaintiff's objections focus on the weight attributed to Dr. Craig's opinion, Plaintiff's use of a cane, and her complaints of knee pain. Specifically, Plaintiff argues that (1) the ALJ failed to explain the weight assigned to the opinion of Dr. Craig, the treating orthopedic surgeon, (2) the ALJ's Residual Functional Capacity assessment did not meet the requirements of SSR 96-8p because the ALJ failed to make the required evaluation about cane use while standing, and (3) the ALJ did not properly

consider Plaintiff's complaints of pain and other symptoms in accordance with SSR 16-3p.

As to Plaintiff's first objection, the Court finds that substantial evidence supports the ALJ's allocation of some weight to Dr. Craig's opinion, as the ALJ provided valid explanations as to why he accepted and rejected certain portions of Dr. Craig's opinion. The Report outlines the ALJ's explanations and reasoning in detail. ECF No. 16 at 40-43. Specifically, the ALJ acknowledged that Dr. Craig was "a treating specialist who ha[d] a well-established treating relationship with the claimant." Tr. at 676. However, he found some of the limitations Dr. Craig imposed were "not consistent with the overall record or his treatment notes." *Id*. Specifically, the ALJ cited a lack of explanation for the limitation to sitting for four hours in an eight-hour workday, an absence of documentation as to impaired attention or concentration in Dr. Craig's treatment notes and those of other providers, and limited abnormal findings in exams throughout the record. *Id*. Therefore, this objection is overruled.

As to Plaintiff's second objection, the Court finds that the ALJ considered and resolved conflicting evidence as to Plaintiff's ability to perform relevant functions and assessed an RFC that is supported by substantial evidence. The Court's review of the record and transcript shows that the ALJ discussed the impairments he considered and accounted for in assessing Plaintiff's RFC. *See* Tr. at 680. He explained how he reached his conclusions as to the restrictions that Plaintiff's impairments imposed individually and in combination. *Id*. The Magistrate Judge also discusses in detail

Plaintiff's use of a cane in pages 43-47 of the Report. The Court finds no persuasive basis to reject those findings. Therefore, this objection is also overruled.

As to Plaintiff's third objection, the Court finds the ALJ's conclusion as to Plaintiff's complaints of pain is supported by substantial evidence. The ALJ summarized Plaintiff's testimony as to her impairments and the limitations they imposed. *See* Tr. at 681-82. He acknowledged Plaintiff's report that injections were initially effective, but eventually wore off. Tr. at 681. He cited Plaintiff's allegations as to medication-related side effects, but stated that the record did not show any significant complaints as to those side effects. *Id*. He also considered Plaintiff's testimony regarding her daily activities such as cooking, driving, bathing and other household chores. Tr. at 681-82. The ALJ concluded that "the severity and frequency" of Plaintiff's reported limitations and symptoms were "not fully supported by the overall evidence." Tr. at 682. The ALJ also thoroughly considered Plaintiff's treatment history, including surgeries, injections, and various prescription medications. Tr. at 672, 675, 681. In sum, the ALJ cited Plaintiff's complaints of pain throughout his decision and pointed to a variety of evidence to support his consideration of Plaintiff's subjective allegations. The Report addresses the issue of Plaintiff's pain, ECF No. 16 at 37, 42, and the Court accepts that analysis. Therefore, this objection is also overruled.

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990).

4

The Court notes and finds persuasive the detailed analysis set forth in the Report of the Magistrate Judge. After careful review of the ALJ's decision and the evidence in the record, the Court finds that the ALJ supported his decision with substantial evidence.

Accordingly, it is hereby **ORDERED** that the Report, ECF No. 16, is **ACCEPTED**, and Plaintiff's objections, ECF No. 17, are **OVERRULED**. The Commissioner's decision is hereby **AFFIRMED**.

    **IT IS SO ORDERED**.

*s/Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 19, 2021
Columbia, South Carolina

5